IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00041-MSK-GPG

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KYLE ANTHONY GARCIA,

      Defendant.

_____

OBJECTIONS TO PRESENTENCE REPORT (DOC. 45)
_____

    Defendant, Kyle Anthony Garcia, by and through counsel, Mary Butterton, hereby

objects to the following portions of the Presentence Investigation Report (PSIR, Doc. 45).

<u>OBJECTIONS AFFECTING THE GUIDELINE CALCULATION</u>

    The PSIR calculates Mr. Garcia's criminal history score as fourteen, placing him in

criminal history category VI.  This calculation is incorrect, as it applies one point for Mr.

Garcia's 2011 conviction for Theft Under $100 (a misdemeanor that occurred when he was 17),

and one point for a 2013 conviction for a Possession of Drug Paraphernalia. These points are

applied in error; with a criminal history score of 12, Mr. Garcia's criminal history category is V

and his guideline range is 4 to 10 months.

    <u>Paragraphs 27, 43, 45</u>: Mr. Garcia objects to the one point assessed to his 2011 juvenile

conviction for Theft Under $100 conviction out of Adams County, Colorado. This offense was

committed on November 18, 2010, when the defendant was 17 years old. PSIR, at 2 (Identifying

Data). Ultimately, Mr. Garcia received sentence of only fines and costs, imposed on March 21,

2011. PSIR ¶ 27.  Pursuant to U.S.S.G. §4A1.2(d)(2)(B), offenses committed prior to age eighteen that received a sentence of less than 60 days only count if the sentence was imposed "within five years of the defendant's commencement of the instant offense…." That circumstance is not present here; Mr. Garcia should receive zero points for this conviction.

Paragraphs 30, 43, 45: Mr. Garcia objects to the one point assessed to his 2013 conviction for Possession of Drug Paraphernalia conviction out of Adams County, Colorado.

At the time of Mr. Garcia's offense in 2013 and conviction in April 2012, possession of drug paraphernalia was "a class 2 petty offense" punishable "by a fine of not more than one hundred dollars."  Colo. Rev. Stat. § 18-18-428(2)(eff. July 1, 1992). Under these circumstances, this conviction, found in paragraph 30 of the PSIR, should not receive any criminal history points.

Certain state law offenses are excluded from being assessed criminal history points.  That exception is set out in U.S.S.G. § 4A1.2(c).  The conviction for possession of drug paraphernalia is "similar to" the offenses listed under U.S.S.G. §4A1.2(c)(1) and (2), as defined in Application note 12.  Of particular importance, Application note 12 was amended, effective Nov. 1, 2007. *See* Amendment 709, Supplement to Appendix C, November 1, 2007.  Amendment 709 clarified §4A1.2(c) by adding the following language to Application note 12:

> In General.  – In determining whether an unlisted offense is similar to an offense listed in subdivision (c)(1) or (c)(2), the court should use **a common sense approach** that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the  elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

U.S.S.G. § 4A1.2, app.n. 12 (A) (emphasis added).  In this case, applying a common sense approach, each of those listed factors weighs in favor of Mr. Garcia's offense in paragraph 30 not

receiving any criminal history points.

In support of Guideline Amendment 709, the Sentencing Commission explained that it was attempting to prevent the counting of petty offenses that "involve conduct that is not serious enough to warrant increased punishment upon sentencing for a subsequent offense."  U.S.S.G Appendix C, Amend. 709 ("Reason for Amendment").  It also was attempting to correct "the presence of a prior misdemeanor or petty offense… affect[ing] the sentence in the instant offense in a way that is greatly disproportionate to the seriousness of the prior offense . . ." *Id.*  Finally, the Commission also hoped to avoid problems with the manner in which different jurisdictions define "misdemeanor and petty offenses." *Id.*

The Commission addressed these concerns by requiring district courts to use a "common sense approach" in determining whether a prior petty offense (like possession of drug paraphernalia) should count toward a defendant's criminal history score.  *Id.*  The Commission explained that this approach was "first articulated by the Fifth Circuit in *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991)." *Id.*  In doing so, the Commission rejected the Tenth Circuit's method of interpreting § 4A1.2(c). S*ee United States v. Perez de Dios*, 237 F.3d 1192 (10th Cir. 2001) (holding that driving without insurance was countable and rejecting the First Circuit's *Hardeman* approach).

After Guideline Amendment 709, possession of drug paraphernalia should not receive any criminal history points.  Using a "common sense" approach this conviction should not receive criminal history points.  First, the possession of drug paraphernalia statute, Colo. Rev. Stat. § 18-18-428, has a punishment that is similar – if not less severe – than other offenses listed in § 4A1.2(c) as the offense was punishable by a fine of not more than one hundred dollars. Second, the elements of the offense show that it is a victim-less crime and does not involve

conduct outside of mere possession.  Third, this is a 'possession' offense, so the level of culpability involved is minimal and, fourth, the commission of the offense does not show a likelihood of recurring criminal conduct.  *See* U.S.S.G. § 4A1.2, Application Note 12.

First and significantly, the offense is a Class two petty offense, punishable by fine only. Many of the crimes listed in both § 4A1.2(c)(1) and (2) are punishable by fine only.  In fact, a maximum $100 fine is less severe of a punishment than many of the crimes listed in both subsections.  For example, "Loitering," a violation of Col. Rev. Stat. § 18 -9-112, and an offense never counted under §4A1.2(c)(2), carries a possible maximum penalty of 6 months in jail, plus a $500 fine. *See* Colo. Rev. Stat. §18-1.3-503 (defining penalties for petty offenses).  Public intoxication, another "never counted" offense, is not criminalized at all. *See* Colo. Rev. Stat. § 25-1-301. Clearly, the crime of possession of drug paraphernalia falls within this benign category of offenses, and should be treated the same.

Just as in *Hardeman*, Mr. Garcia's prior conviction should be considered similar to the offenses listed in § 4A1.2(c) because his sentence imposed was less than 30 days in jail or one year of probation, and the conviction had no bearing on whether he was likely to commit other crimes in the future. *See Hardeman*, 933 F.2d at 282. In fact, in *Hardeman*, the sentence imposed for the defendant's prior conviction which was not counted towards his criminal history, was one day in jail and a $250 fine.  *Id*.

Finally, the petty offense of possession of drug paraphernalia involves conduct and punishment that are not serious enough to warrant increased punishment in the instant case. Similarly, assessing one criminal history point for this petty offense would affect the sentence in the instant offense in a way that is disproportionate to the seriousness of the prior offense; this one point (after the correction of the point assessed for paragraph 27) increases Mr. Garcia's

criminal history category from V to VI, thus increasing his advisory guideline range from 4-10 months imprisonment to 6-12 months imprisonment.  As a result, the Sentencing Commission's stated purpose of Amendment 709 is not furthered by assessing a criminal history point for Mr. Garcia's prior petty offense.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Mary Butterton
Mary Butterton
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Pete Hautzinger, Assistant United States Attorney
Email:  peter.hautzinger@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Kyle Garcia (via U.S. Mail)

s/ Mary Butterton
Mary Butterton
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant