IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00041-MSK-GPG

UNITED STATES OF AMERICA,

       Plaintiff,

v.

KYLE ANTHONY GARCIA,

       Defendant.

_____

SENTENCING STATEMENT
_____

Mr. Kyle Garcia damaged a beloved public space. The damage is thankfully reversible and entirely quantifiable, and he will have to pay restitution to making Hanging Lakes Park whole. But in deciding an appropriate punishment for this crime, this Court should consider directing Mr. Garcia's energies towards public service- an appropriate reprimand for his actions that also requires his sweat equity as an additional form of restitution. Additional prison time is simply greater than is necessary in this matter, and this Court should impose a sentence of 4 months imprisonment, concurrent to his current state sentence, with a term of home confinement and a requirement of 200 hours of community service. This sentence is within the guideline range promulgated by the U.S. Sentencing Commission, but more importantly, this punishment fits this crime.

<u>Nature and Circumstances of this Offense</u>

In mid-April 2017, Kyle Garcia went with a friend and her son to visit Hanging Lakes Trail of the White River National Forest. While there, he spray-painted or "tagged" the name he

used as an artist – "BLEST"- in 21 places along the trail. These tags were discovered by a Forest Service volunteer on April 13, 2017. It took $4,525 to clean the trail of the tags.

Since that time, Mr. Garcia has been convicted of unrelated offenses, for which he is currently serving state sentences. Those cases are appropriately taken into consideration in his criminal history category, but this Court should run this sentence concurrent with his state matters. Mr. Garcia has been held at Mesa County Jail during the pendency of this matter, and has missed out on programming in Colorado Department of Corrections that could have earned him time credit on those sentences. Further, as explained below, this offense is best punished by Mr. Garcia's sweat equity, rather than additional incarceration.

## History and Characteristics of Kyle Garcia

Kyle Garcia is a lifelong Coloradan. He began drawing at a young age as an outlet after his parents divorced and his father started another family, abandoning Kyle and his mother. He has struggled with mental illness from a young age, with an early diagnosis of bipolar and mood disorder. These diagnoses have led to issues with impulse control and receptiveness to negative influences in his life, which is reflected in his criminal history. His convictions for tagging are the intersection of his creative, artistic side and his lack of impulse control.

Kyle has the strong support of his mother, Sylvia Robles, who has been his rock for his entire life. She has consistently stood by him through bad decision and hard times, including in 2016 when his girlfriend lost their baby at seven months of gestation. That loss sent him into a negative spiral, but since that time he is learning to cope with his grief in more positive ways. He has separated himself from the negative influences of his past and hopes to find a productive outlet for his creativity moving forward.

## Guidelines and Position of the Parties

In the Plea Agreement (Doc. 42), the parties calculated the advisory imprisonment guideline range as 4 to 10 months. This calculation is based on a base offense level of 6, with no additional increases because Mr. Garcia is below the damage threshold to warrant an increase under §2B1.1(b)(1). After a reduction for acceptance of responsibility under § 3E1.1(a), Mr. Garcia's total offense level is 4. His criminal history is Category V.[1] This range puts Mr. Garcia within Zone B, within which the Guidelines allow for "a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention…provided that at least one month is satisfied by imprisonment…." U.S.S.G. §5C1.1(c)(2). The requested sentence of 4 months of imprisonment, concurrent, with home confinement to follow is a within-guideline sentence and also provides Mr. Garcia with much-needed structure as he adjusts to reentry into the community.

## The Requested Sentence is appropriate under §3553(a)

18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence imposed:

(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) To afford adequate deterrence to criminal conduct;
(C) To protect the public from further crimes of the defendant; and
(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner…

The requested sentence meets these standards. This crime is on the low end of seriousness of federal crimes- a fact reflected in the low offense level and the agreement of the Government to request concurrent time. See Doc. 42.  Certainly Mr. Garcia needs to learn to respect the law- particularly the rules of public spaces- but that lesson is best learned through service to the public

---

[1] The Presentence Investigation Report (PSIR, Doc 45) calculates Mr. Garcia's criminal history category to be VI. Counsel believes this to be in error, and has filed an objection to that effect at Doc. 46.

rather than additional incarceration. Mr. Garcia is not violent or dangerous, and the public has no need for protection from him. Rather, this punishment best fits this crime, as it requires Mr. Garcia to make the public whole in a way that requires his time and labor. Finally, Mr. Garcia should receive correctional treatment in the forms of mental health counseling, substance abuse treatment, and cognitive behavioral therapy (CBT) so he can learn how to better hone his decision-making skills.

Mr. Garcia has admitted his guilt and agrees he should be punished. A sentence of 4 months incarceration, concurrent with his current state sentence, with home confinement and 200 hours of community service is appropriate here and sufficient but not greater than necessary.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary Butterton
Mary Butterton
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

      Pete Hautzinger, Assistant United States Attorney
      Email:  peter.hautzinger@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Kyle Garcia (via U.S. Mail)

      s/ Mary Butterton
      Mary Butterton
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      Mary_Butterton@fd.org
      Attorney for Defendant